UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN RILEY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHANNELADVISOR CORPORATION, TIMOTHY J. BUCKLEY, DAVID J. SPITZ, JOSEPH L. COWAN, JANET R. COWELL, LINDA M. CRAWFORD, MARSHALL A. HEINBERG, HIMANSHU S. PALSULE, TIMOTHY V. WILLIAMS, and M. SCOT WINGO,<br><br>　　　　　　　Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Sean Riley ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against ChannelAdvisor Corporation ("ChannelAdvisor" or the "Company") and ChannelAdvisor's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to CommerceHub, Inc. through its wholly owned subsidiary CH Merger Sub, Inc. (collectively "CommerceHub").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on October 11, 2022. The Proxy recommends that ChannelAdvisor stockholders vote in favor of a proposed transaction (the

1

"Proposed Transaction") whereby ChannelAdvisor is acquired by CommerceHub. The Proposed Transaction was first disclosed on September 6, 2022, when ChannelAdvisor and CommerceHub announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which CommerceHub will acquire all of the outstanding shares of common stock of ChannelAdvisor for $23.10 per share (the "Merger Consideration"). The deal is expected to close in 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by ChannelAdvisor management, the financial analyses conducted by Robert W. Baird & Co. Incorporated ("Baird"), ChannelAdvisor's financial advisor, as well as potential conflicts of interest faced by Company insiders.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to ChannelAdvisor's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to ChannelAdvisor's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of ChannelAdvisor.

6. Defendant ChannelAdvisor is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 3025 Carrington Mill Boulevard, Morrisville, North Carolina 27560. ChannelAdvisor common stock trades on the New York Stock Exchange under the ticker symbol "ECOM."

7. Defendant David J. Spitz has been the Chief Executive Officer ("CEO") and a director of the Company since 2015.

8. Defendant Timothy J. Buckley has been a director of the Company since 2004. Defendant Buckley serves as Chairman of the Board.

9. Defendant Joseph L. Cowan has been a director of the Company since 2016.

10. Defendant Janet R. Cowell has been a director of the Company since 2016.

11. Defendant Linda M. Crawford has been a director of the Company since 2021.

12. Defendant Marshall A. Heinberg has been a director of the Company since 2019.

13. Defendant Himanshu S. Palsule has been a director of the Company since 2021.

14. Defendant Timothy V. Williams has been a director of the Company since 2012.

15. Defendant M. Scot Wingo has been a director of the Company since 2001. Defendant Wingo is a co-founder of ChannelAdvisor and served as CEO and Chairman of the Board from 2001 to 2015 and as executive chairman from 2015 through 2019.

16. Nonparty CommerceHub, Inc. offers cloud-based marketing and fulfillment solutions for ecommerce. CommerceHub, Inc.'s principal executive offices are located at 800 Troy-Schenectady Road Suite 100 Latham, NY 12110.

17. Nonparty CH Merger Sub, Inc. is a Delaware corporation and a wholly owned subsidiary of CommerceHub, Inc.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

**FURTHER SUBSTANTIVE ALLEGATIONS**

**A. Background of the Company and the Proposed Transaction**

21. ChannelAdvisor provides cloud-based e-commerce services through a multichannel platform that allows retailers to market and sell on channels such as Amazon, Facebook, Shopify, and Walmart. The Company reported revenue of $167.7 million in 2021, a 15.6% increase over 2020, and reported net income of $47.2 million that same yar.

22. On September 4, 2022, the Company entered into the Merger Agreement with CommerceHub.

23. According to the press release issued on September 6, 2022 announcing the Proposed Transaction:

**CommerceHub to Acquire ChannelAdvisor for $23.10 per share**

Latham, NY & Research Triangle Park, NC – September 6, 2022 – CommerceHub, an industry-leading commerce network connecting supply, demand and delivery for the world's leading retailers and brands, and ChannelAdvisor Corporation (NYSE: ECOM), a leading provider of cloud-based e-commerce solutions that enable brands and retailers to increase global sales, today announced they have entered into a definitive agreement for CommerceHub to acquire the outstanding shares of ChannelAdvisor in a transaction led by global software investor and current shareholder of CommerceHub, Insight Partners. Under the terms of the agreement, ChannelAdvisor stockholders will receive $23.10 per share in cash, representing a premium of approximately 57% over the company's closing stock price on September 2, 2022, the last full trading day prior to this announcement. The boards of directors of both companies have unanimously approved the transaction.

The complementary combination of CommerceHub and ChannelAdvisor expands capabilities for brands and retailers:

- Brands will be able to manage their public and private marketplaces alongside their retailer connections with a single vendor, improving efficiency by unifying first-party, dropship, and third-party integrations.

- Retailers will be able to access an even larger pool of brands, with over 18,000 customers transacting more than $50 billion in gross merchandise value (GMV) and more than $500 million in digital marketing and retail media ad spend annually across the combined network.

- Companies across the network will be able to save on delivery costs and improve delivery experiences with Delivery Suite, and improve their consumer experience with Shoppable Media and Brand Analytics.

"CommerceHub and ChannelAdvisor have both established themselves as leading solutions for different segments of online retailers and brands. By coming together, we can provide an even broader network, enabling our combined customers to grow their businesses by discovering new products, new brands, and new channels," said Bryan Dove, CEO, CommerceHub.

"This is a tremendous opportunity for our customers, for our team members and our shareholders. This transaction positions the combined company to accelerate innovation and help shape the future of commerce," said David Spitz, CEO, ChannelAdvisor.

Investors that participated in this transaction include Insight Partners, GTCR, Sycamore Partners, and Goldman Sachs Asset Management. Financing for the transaction is being provided by Sixth Street and Golub Capital LLC (the

"Financing Sources").

The proposed transaction is not subject to a financing condition and is expected to close in 2022. The transaction is subject to customary closing conditions, including receipt of regulatory approvals and approval by ChannelAdvisor's stockholders. The companies will operate independently until the proposed transaction is finalized.

### B. The Materially Incomplete and Misleading Proxy

24. On October 11, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

25. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Baird's fairness opinion, Baird reviewed "financial forecasts of ChannelAdvisor for the fiscal years ending December 31, 2022 through 2028 concerning the business and operations of ChannelAdvisor furnished to Baird, and prepared and certified, by ChannelAdvisor management for purposes of its analysis." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that ChannelAdvisor's management provided to the Board and Baird.

26. Notably, Defendants failed to disclose the line item entries forming the basis of the Company's projections for: (a) Adjusted EBITDA; (b) Levered Free Cash Flow; and (c) Unlevered Free Cash Flow.

27. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Baird's Financial Analyses*

28. With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose: (a) the Company's terminal values; (b) the Company's net cash position as of June 30, 2022, and (c) ChannelAdvisor's outstanding shares on a fully diluted basis.

29. With respect to the *Selected Companies Analysis*, the Proxy fails to disclose the specific financial multiples and metrics for the selected companies compared by Baird

30. With respect to the *Selected Transaction Analysis*, the Proxy fails to disclose the specific financial multiples and metrics for the selected transactions compared by Baird.

### *Materially Incomplete and Misleading Disclosures Concerning Potential Conflicts of Interest on Behalf of Company Management*

31. The Proxy fails to disclose material information concerning potential conflicts of interest by Company insiders, including the information concerning any discussions between CommerceHub and ChannelAdvisor relating to employment and retention of Company management, details regarding participants in any synch negotiations, and the time and place when such communications took place.

32. The Proxy likewise fails to disclose whether any of CommerceHub's proposals or indications of interest mentioned retention of Company executives in the surviving company or their equity purchase of or participation in the combined corporation.

33. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make

a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

34. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

35. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

36. Further, the Proxy indicates that on September 4, 2022, Baird reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to ChannelAdvisor stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Baird's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

37. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

38. Plaintiff incorporates each and every allegation set forth above as if fully set forth

herein.

39. Defendants have filed the Proxy with the SEC with the intention of soliciting ChannelAdvisor stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

40. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of ChannelAdvisor, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

41. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

42. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of ChannelAdvisor shares and the financial analyses performed by Baird in support of its fairness opinion; and (iii) Company insider conflicts of interest.

43. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and

recommend the Proposed Transaction; indeed, the Proxy states that Baird reviewed and discussed its financial analyses with the Board on September 4, 2022, and further states that the Board considered Baird's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

44. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46. The Individual Defendants acted as controlling persons of ChannelAdvisor within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ChannelAdvisor and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

49. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to ChannelAdvisor stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 28, 2022					**ROWLEY LAW PLLC**


							*S/ Shane T. Rowley*
							Shane T. Rowley (SR-0740)
							Danielle Rowland Lindahl
							50 Main Street, Suite 1000
							White Plains, NY 10606
							Tel: (914) 400-1920
							Fax: (914) 301-3514
							Email: srowley@rowleylawpllc.com
							Email: drl@rowleylawpllc.com

							*Attorneys for Plaintiff*